**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26246-CIV-DAMIAN**

**BORIS RODRIGUEZ GUTIERREZ,**

Petitioner,

v.

**WARDEN,**
**Krome Service Processing Center,** *et al.*,

Respondents.
______________________________________/

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS CAUSE** is before the Court on Petitioner, Boris Rodriguez Gutierrez's ("Petitioner"), Petition for Writ of Habeas Corpus, filed September 10, 2026. [ECF No. 1(the "Petition")]. On September 14, 2026, this Court entered an Order to Show Cause [ECF No. 3]. Respondents filed their Response to the Order to Show Cause on September 23, 2026, [ECF No. 4 ("Response")], and Petitioner filed a Reply on September 27, 2026 [ECF No. 5 ("Reply")].

THE COURT has reviewed the Petition, the Response and Reply thereto, the relevant legal authorities, and the pertinent portions of the record and is otherwise fully advised.

## I. BACKGROUND

Petitioner's immigration history and background is set forth in greater detail in the parties' submissions and recounted here as relevant to the issues raised in the Petition.

Petitioner, Boris Rodriguez Gutierrez, is a native and citizen of Cuba. He attempted to enter the United States at the Hidalgo, Texas port of entry on October 11, 2019, but he was processed under the Mexican Protection Protocol (MPP), issued a Notice to Appear ("NTA"),

and returned to Mexico. [ECF No. 4-3 ("Declaration") ¶¶ 6-7]. On January 29, 2020, an immigration judge entered an *in absentia* order of removal against Petitioner. *Id.* ¶ 9.

On July 21, 2020, Border Patrol Agents encountered Petitioner near Santa Teresa, New Mexico, and took him into custody. *Id.* ¶¶ 10-11. Approximately seven months later, Petitioner was released on an Order of Supervision. *Id.* ¶ 12. On June 8, 2023, an immigration judge denied Petitioner's motion to reopen his removal proceedings, finding that Petitioner had received proper and actual notice of his January 29, 2020 removal hearing.[1] *Id.* ¶ 14.

On April 30, 2026, ICE ERO encountered Petitioner at Turner Guilford Knight Correctional Center following Petitioner's arrest for sale or delivery of a controlled substance. *Id.* ¶ 17; see also ECF No. 4-1 ("Record of Deportable Alien"). ICE then terminated his supervision and transferred Petitioner into ICE custody. *See* Decl. ¶¶ 17-18; Rec. Dep. Alien. Since May 30, 2026, Petitioner has been detained in ICE custody at Krome Service Processing Center pending removal from the United States. *See* Decl. ¶¶ 18, 22; ECF No. 4-4.

In the Petition, Petitioner asserts a challenge to his continued detention, stating that his confinement violates due process because he has been detained for longer than 90 days pursuant to a final order of removal with no reasonable likelihood of removal in the near future. *See* Pet. ¶¶ 51-52.

[1] As Petitioner explains it, the only reason Petitioner failed to appear at the removal hearing is because Respondents forced Petitioner to wait in Mexico until it was time for the hearing but then prevented him from crossing the border to attend that hearing. *See* Pet. ¶ 2. Ultimately, Respondents released Petitioner into the United States with instructions to apply for adjustment of status under the Cuban Adjustment Act, which he pursued and for which his I-485 remains pending. *Id.* While sympathetic to the apparent unfairness of having a removal order entered *in absentia* solely because Petitioner was literally not permitted to attend by the same party that is adverse in the immigration case, it appears Petitioner had an appropriate means to raise this challenge through the motion to reopen, and that motion was denied. In any event, the issue before this Court is limited to Petitioner's detention, not a review of the *in absentia* removal order.

In the Response, Respondents contend that Petitioner's continued detention is lawful under 8 U.S.C. § 1231 and remains within the presumptively reasonable six-month period recognized in *Zadvydas v. Davis*, 533 U.S. 678 (2001). In his Reply, Petitioner argues that Respondents misconstrue *Zadvydas*, and the six-month period only applies in cases in which a noncitizen is subject to the statutory exceptions delineated by 8 U.S.C. § 1231(a) or 8 C.F.R. § 241.14, none of which apply here. *See* Reply at 2. The matter is ripe for adjudication.

## II. LEGAL STANDARD

District courts have the authority to grant writs of *habeas corpus*. See 28 U.S.C. § 2241(a). *Habeas corpus* is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). This Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas*, 533 U.S. at 687.

## III. DISCUSSION

Upon review of the Petition and relevant subsequent filings, this Court finds the Petition is due to be dismissed.

"Congress mandates that the Attorney General '*shall* detain [an] alien' who has been ordered removed from the United States 'within a period of 90 days.'" *Phadael v. Ripa*, No. 24-CV-22227, 2024 WL 3088350, at *2 (S.D. Fla. June 21, 2024) (Altman, J.) (quoting 8 U.S.C. § 1231(a)(1), (2) (emphasis added in *Phadael*)). Given that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem," United States Supreme Court precedent holds "that the Government must 'limit [ ] an alien's post-removal detention to a period reasonably necessary to bring about that alien's removal from the United States.'" *Phadael*, 2024 WL 3088350, at *2 (quoting *Zadvydas*, 533 U.S. at 689-90). The *Zadvydas* Court

reasoned that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. 533 U.S. at 678, 680 (concluding that "for the sake of uniform administration in the federal courts, we recognize that [six-month] period").

Six months, however, is a "guidepost" for the lower courts to follow. *Phadael*, 2024 WL 3088350, at *2. Indeed, "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, "[T]o state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). It then falls on the Government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Here, Respondents present a Detention History indicating that Petitioner has been detained since May 30, 2026. [ECF No. 4-4]. Petitioner filed the Petition over three months (approximately 103 days) later, on September 10, 2026. *See* Pet. Petitioner is well within the six-month period of presumptive reasonableness recognized in *Zadvydas*. *See, e.g.*, *Samokhin v. Warden, Broward Transitional Ctr.*, No. 25-60333-CV, 2025 WL 2269863, at *2 (S.D. Fla. Mar. 10, 2025) (Middlebrooks, J.) ("Petitioner has not been in ICE custody for longer than the presumptively reasonable six-months, he is not entitled to relief under *Zadvydas*."); *Charles v. Dep't of Homeland Sec.*, No. 8:08-CV-2466-T-33EAJ, 2008 WL 5213658, at *1 (M.D. Fla. Dec. 12, 2008) (same).

In his Reply, Petitioner argues that the holding in *Zadvydas* does not apply to him, as it applies only to specific categories of aliens subject to final orders of removal under § 1231(a) and its applicable regulations. This Court disagrees.

In *Clark v. Martinez*, the Supreme Court clarified that the presumptively reasonable six-month post-removal period of detention established in *Zadvydas* applies to all three categories of aliens listed in § 1231(a)(6): "(1) those ordered removed who are inadmissible under § 1182, (2) those ordered removed who are removable under § 1227(a)(1)(C), § 1227(a)(2), or § 1227(a)(4), and (3) those ordered removed whom the Secretary determines to be either a risk to the community or a flight risk." *See Clark v. Martinez*, 543 U.S. 371, 377-78 (2005) (noting that "[t]he operative language of § 1231(a)(6), 'may be detained beyond the removal period,' applies without differentiation to all three categories of aliens that are its subject"). While Respondents do not explicitly state in their Response that Petitioner was determined to be inadmissible under § 1182 or removable for criminality or risk to community, the NTA served upon Petitioner to commence his removal proceedings shows that he was. *See* ECF No. 4-2 at 3 (charging Petitioner under § 212(a)(7)(A)(i)(I) of the INA, which falls within § 1182 of the U.S. Code). This demonstrates that Petitioner falls within the first category of aliens in § 1231(a)(6) (those "ordered removed who are inadmissible under § 1182"), so the six-month period of presumptive reasonableness under *Zadvydas* applies to his case. *See Clark*, 543 U.S. at 377. As Respondents demonstrate, Petitioner had not yet been detained in excess of six months at the time he filed this Petition. *See* ECF No. 4-4.

Therefore, Petitioner has not shown a basis for habeas relief based on the length of his detention, and, having demonstrated no other basis for relief, the Petition must be dismissed.

## IV. CONCLUSION

Accordingly, for the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Petitioner's Petition for Writ of Habeas Corpus **[ECF No. 1]** is **DISMISSED WITHOUT PREJUDICE**. It is further

**ORDERED** that the Clerk of Court is **DIRECTED** to **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers in the Southern District of Florida, this 5th day of October, 2026.

**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**